IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BOSWORTH,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Case No. ED CV 19-2175 DMG (MRW)<br><br>**ORDER DISMISSING ACTION** |

The Court dismisses this untimely action with prejudice against the three remaining individual defendants.

\* \* \*

1. This is a pro se Bivens action involving a former prisoner. Plaintiff Bosworth was an inmate at the federal prison in Lompoc and other facilities. He injured his wrist in 2012 and subsequently developed significant medical complications (reflex sympathetic dystrophy (RSD)). In 2014, BOP medical staff prescribed a medical procedure for Plaintiff to treat his RSD. Plaintiff alleges that he never received the surgery.

2. In November 2019, Plaintiff filed his complaint in this action. The complaint alleged that three BOP professionals (Drs. Gross, Pelton, and Hirano) were deliberately indifferent to his medical needs by cancelling or failing to ensure that Plaintiff received the RSD medical procedure.

3. The government contends that Plaintiff's civil action is untimely. The government presented evidence (primarily, Plaintiff's own administrative submissions) showing that, by August or October 2015,[1] Plaintiff knew that: (a) he had developed RSD following his original injury; (b) BOP doctors had authorized surgery for Plaintiff's RSD condition; and (c) Plaintiff had not received the procedure. (Docket # 29 at 10; # 29-2 at 26.)

4. The Court notes its earlier decision in this matter regarding the untimeliness of Plaintiff's parallel FTCA claims against the United States for the same alleged misconduct. (Docket # 26, 34.) Specifically, the Court accepted Magistrate Judge Wilner's conclusion that Plaintiff's FTCA claim accrued by "by late 2015 [when] Plaintiff appears to have learned that the agency canceled" his medical procedure. (Docket # 26 at 8.)

* * *

5. The statute of limitations for Bivens claims is borrowed from the law of the forum state. Papa v. United States, 281 F.3d 1004, 1009 (9th Cir. 2002); Schwarz v. Meinberg, 761 F. App'x 732, 735 (9th Cir. 2019), citing Van Strum v. Lawn, 940 F.2d 406, 408-10 (9th Cir. 1991). In

---

[1] The document at Docket # 29-2 at 26 is a BOP "Informal Resolution Form" in which Plaintiff complained to prison officials about the "failure to provide" the medical procedure. The date on Plaintiff's form was October 27, 2015. Plaintiff affirmatively noted on the document, however, that "the original of this Request for Informal Resolution was filed with Seatac [another BOP facility] on August 18, 2015." (Id. (emphasis added).) Plaintiff submitted the form in this Court in 2016 in support of a civil complaint in a related action. Bosworth v. Gross, CV 14-498 DMG (SS) (C.D. Cal.) (Docket # 31).

1  California, federal courts look to the state's two-year limitations period for
2  personal injury claims as the relevant statute of limitations. That period
3  may be tolled for up to two additional years – or a total of four years –
4  under state law while the plaintiff is incarcerated. Cal. Civ. Proc. Code
5  §§ 352.1, 352.1(a); Van Strum, 940 F.3d at 410 ("personal injury statute of
6  limitations properly applies" to Bivens claims); Yagman v. Cornell
7  Companies, Inc., 693 F. App'x 495, 497 (9th Cir. 2017) (Bivens limitations
8  period "can be tolled for up to two years if the cause of action accrues while
9  the plaintiff is incarcerated" under California law).[2]

10     6. Although the length of the limitations period is derived from
11 state law, federal law determines when that period begins upon accrual of
12 a claim. Western Center for Journalism v. Cederquist, 235 F.3d 1153,
13 1156 (9th Cir. 2000); Rhodes v. Chavez, 644 F. App'x 714 (9th Cir. 2016)
14 (same). A Bivens claim accrues when the plaintiff knows or has reason to
15 know of the injury. Western Center, 235 F.3d at 1156, citing Bagley v.
16 CMC Real Estate Corp., 923 F.2d 758, 761-62 (9th Cir. 1991). Accrual
17 occurs when an individual knows a defendant's deliberate indifference
18 caused him substantial harm, "even though the full extent of the injury is
19 not then known or predictable." Wallace v. Kato, 549 U.S. 384, 391 (2007).

20     7. In this way, the analysis of the accrual of a Bivens cause of
21 action alleging harm by a medical practitioner is indistinguishable from
22 that for a claim of medical malpractice under the FTCA. Such a claim
23 accrues under the FTCA "when the plaintiff knows both the existence and
24 the cause of his injury." United States v. Kubrick, 444 U.S. 111, 113
25 (1979). When a plaintiff's "claim of medical malpractice is based on the

---

[2] Plaintiff was released from federal custody before he filed this civil action. The Court assumes, but does not decide, that Plaintiff is entitled to the full four-year filing period (two years for tort claim plus two years for incarceration). The government does not challenge this assumption. (Docket # 29 at 13.)

3

failure to diagnose or treat a pre-existing condition," the injury "is the development of the problem into a more serious condition which poses greater danger to the patient or which requires more extensive treatment." Augustine v. United States, 704 F.2d 1074, 1078 (9th Cir. 1983); Raddatz v. United States, 750 F.2d 791, 796 (9th Cir. 1984) (same).

\* \* \*

8. The government correctly argues that Plaintiff's Bivens claims against the individual defendants are untimely. Plaintiff had four years from the time that his claims accrued to commence this legal action. Cal. Civ. Proc. Code §§ 352.1, 352.1(a). The Court previously concluded that Plaintiff's claim accrued in 2015 when he learned that he had not been provided with the RSD medical procedure prescribed for him. Augustine, 704 F.2d at 1078; Docket # 26 at 8. The government further clarified and buttressed that conclusion by submitting proof that Plaintiff admitted knowledge of these key facts by August 2015. (Docket # 29-2 at 26.)

9. Plaintiff did not commence this action until November 2019. That was well after the expiration of the extended limitations period. The claims against the individual physicians are barred by operation of the statute of limitations.[3]

---

[3] The government contends that Plaintiff failed to properly serve two of the BOP physicians with the complaint. The government therefore formally moved to dismiss the action on timeliness grounds on behalf of Defendant Gross alone (the government does not challenge the adequacy of his service). (Docket # 29 at 17.) However, the timeliness analysis is no different for the other putative defendants. For this reason, the Court dismisses the untimely action against the identically-situated defendants. 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that [ ] the action [ ] fails to state a claim on which relief may be granted.").

In the alternative, it is apparent that Plaintiff failed to properly serve either Defendant Pelton or Hirano. Plaintiff does not convincingly demonstrate that merely mailing a complaint to a prospective defendant at her or his workplace is adequate service under Federal Rule of Civil Procedure 4, Colorado law (Pelton), or Washington law (Hirano). And, given that the claims

10. Plaintiff offers no credible evidence or argument to support a different claim accrual date. Moreover, the Court previously rejected his contentions regarding equitable tolling or the "continuous treatment" rule. (Docket # 36 at 8-12; # 26 at 9-10.) Finally, there is no merit to Plaintiff's claims that "judicial delay" or the existence of his other previous BOP civil cases justifies his late commencement of this case. (Id.)

**CONCLUSION**

11. A pro se litigant is ordinarily entitled to receive an opportunity to amend a defective complaint in an effort to state a proper claim for relief. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000). This rule does not apply, however, when "the basic facts are alleged and have been analyzed" and it is apparent that that Plaintiff "cannot cure the flaws" in his claims. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002); see also Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) (district court has discretion to deny leave to amend if futile).

12. Plaintiff cannot plausibly "cure the flaws" with his untimely claims against the individual defendants. Therefore, this action is dismissed with prejudice and without leave to amend. Plaintiff's motion for leave to file a sur-reply (Docket # 37) is denied.

Dated: August 12, 2021

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

against these individuals are time-barred, Plaintiff cannot show good cause to extend the time to serve them. Fed. R. Civ. P. 4(m).